UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | | |
|---|---|---|
| DEBORAH SEAMSTER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 2:14-cv-00184 |
| | ) | |
| JAMES SADLOWSKI, | ) | |
| | ) | |
| Defendant. | ) | |

OPINION AND ORDER

Deborah Seamster, *pro se*, is suing her landlord James Sadlowski. Seamster alleges that Sadlowski discriminated against her because she is black. Specifically, she alleges she was the only black person in the neighborhood. Seamster claims Sadlowski refused to accept her rent payments, and had neighbors enter Seamster's house to see if it was clean and keep tabs on Seamster's visitors. Sadlowski responded with a barebones motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), just stating that the complaint fails to state a claim. (Docket Entry 7.) He also filed an Answer denying all of the allegations in the Complaint and stating as an affirmative defense that the Complaint failed to state a claim. (DE 6.) Seamster didn't respond to Sadlowski's motion.

In order to survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks and citation omitted); *accord Bell Atl. Corp. v. Twombly*,

550 U.S. 544, 555 (2007). I must accept all factual allegations as true and draw all reasonable inferences in the complainant's favor, but I don't need to accept threadbare legal conclusions supported by purely conclusory statements. *See Iqbal*, 556 U.S. at 678. The first step in my analysis is to identify and disregard all "allegations in the complaint that are not entitled to the assumption of truth," especially including any legal conclusions. *Id.* at 680-81. Then I must look at the remaining allegations to determine whether they *plausibly* – and not merely possibly or conceivably – suggest an entitlement to relief. *Id.* at 681, 683. This task invariably requires me to draw on my judicial experience and common sense. *Id.* at 679.

Seamster's description of disparate treatment, attributed to her race, states a claim for discrimination under at least "42 U.S.C. § 1981, which prohibits private actors from discriminating on the basis of race against those seeking to make and enforce contracts." *Petrovic v. Enter. Leasing Co. of Chicago, LLC*, 513 Fed. Appx. 609, 610 (7th Cir. 2013).

For the foregoing reasons, Defendant Sadlowski's Motion to Dismiss for Failure to State a Claim is **DENIED**.

SO ORDERED.

ENTERED: October 29, 2014

/s/ Philip P. Simon
Chief Judge
United States District Court